Jones, J.
 

 One question presented by this record is whether a writ of
 
 habeas corpus
 
 will lie to test the constitutionality of an ordinance in favor of one who has been convicted of its violation. Upon this question there is a contrariety of opinion ■ in the various state jurisdictions. The text in 29 Corpus Juris, p. 35, and 12 Ruling Case Law, p. 1199, states that the weight of authority supports the rule that a court on
 
 habeas corpus
 
 proceedings may inquire into the constitutionality of a statute under which the petitioner has been
 
 *173
 
 convicted, and that if the statute proves to be unconstitutional the petitioner shall be discharged. Among other authorities which support this principle are the following:
 
 Ex parte Rollins,
 
 80 Va., 314;
 
 Ex parte Smith,
 
 135 Mo., 223, 36 S. W., 628, 33 L. R. A,, 606, 58 Am. St. Rep., 576;
 
 Ex parte Harrison,
 
 212 Mo., 88, 110 S. W., 700, 16 L. R. A. (N. S.), 950, 126 Am. St. Rep., 557, 15 Ann. Cas., 1;
 
 Servonitz
 
 v.
 
 State,
 
 133 Wis., 231, 113 N. W., 277, 126 Am. St. Rep., 955;
 
 In re Unger,
 
 22 Okl., 755, 98 Pac., 999, 132 Am. St. Rep., 670;
 
 In re Zany,
 
 20 Cal. App., 360, 129 Pac., 295;
 
 In re Smith,
 
 35 Nev., 82, 126 Pac., 655, 129 Pac., 308; and
 
 Harper
 
 v.
 
 Galloway,
 
 58 Fla., 255, 51 South., 226, 26 L. R. A. (N. S.) 794, 19 Ann. Cas., 235.
 

 On the other hand, almost an equal number of other state courts hold that the judgment of conviction in a criminal court, having jurisdiction of the offense, is not void because of the invalidity of the ordinance or statute under which the conviction may have been had, and that a writ, of
 
 habeas corpus
 
 is not available to raise the question of unconstitutionality. Among the authorities so holding are the following:
 
 Koepke, Sheriff,
 
 v.
 
 Hill,
 
 157 Ind., 172, 60 N. E., 1039, 87 Am. St. Rep., 161;
 
 In re Maguire,
 
 114 Mich., 80, 72 N. W., 15;
 
 Ex parte Fisher,
 
 6 Neb., 309;
 
 People, ex rel. Birkholz,
 
 v.
 
 Jonas, Constable,
 
 173 Ill., 316, 50 N. E., 1051; and
 
 People, ex rel. Harris,
 
 v.
 
 Graves,
 
 276 Ill., 350, 114 N. E., 556. Other cases might be cited, but they would only tend to show the wide difference of opinion upon the aspects of the case here presented.
 

 The. basis of the reasoning underlying the opin
 
 *174
 
 ions of those courts which hold that
 
 habeas corpus
 
 is a proper remedy to test the unconstitutionality of a statute rests upon the conclusion that if the statute or ordinance be unconstitutional the court is entirely without jurisdiction; that it is in effect the same as if an offense were charged under a statute which did not exist; that in either case the court would be powerless to act in any stage of the proceedings — in the issuance of process, in the trial of the cause, or in pronouncing judgment upon such void statute or ordinance. Most of the courts which so hold place reliance upon the dicta used by the various federal judges of the United States Supreme Court, to which attention will be called later. Under the modem trend of authority, the courts holding otherwise, including, as we think, the Supreme Court of the United States, now rest their decision upon the well-known rule that
 
 habeas corpus
 
 is not the proper remedy to review errors, either of fact or law, that may occur in the trial of a criminal case; that, jurisdiction having been conferred, a criminal court is empowered to determine in the first instance the question whether a statute or ordinance, as the case may be, is violative of our organic laws, and that if any error intervenes in the decision of the trial court the defendant has a right of review in the appellate courts, where the question of unconstitutionality may again be passed upon and determined. It would seem that this is the sensible view. Otherwise an offender might keep the card of unconstitutionality up his sleeve and later play it by invoking the writ of
 
 habeas corpus.
 
 And this he might do not only after trial and con
 
 *175
 
 viction in the nisi prius court, hut after full review in the appellate courts. If it be conceded that a conviction in the trial court would be absolutely void were the statute or ordinance upon which the violation was predicated unconstitutional, it then follows that a judgment of affirmance rendered by the Court of Appeals or the Supreme Court would likewise be void. "Were that so, any one detained under such unlawful conviction and sentence could at any time apply to the court of common pleas, Court of Appeals, or Supreme Court, and collaterally attack any proceeding under which conviction was had. Indeed, the writ might be invoked even though the question of constitutionality were fully heard and determined by the trial and appellate courts.
 

 Stripped to its bare bones the real question is: What is meant by the word “jurisdiction?” The proponents of the argument favoring invocation of the writ argue that the court is not clothed with jurisdiction if the statute is unconstitutional. But it seems to us that they overlook the usual and ordinary meaning of the term. “Jurisdiction” is defined as the power to hear and determine. The court of first instance has power to hear and determine the law question as to whether the statute or the ordinance is constitutional or otherwise. If it is a civil case in which the unconstitutional feature of the statute is presented, there can be no doubt that the court had jurisdiction to determine its constitutionality, and a judgment in such case would not be subject to collateral attack. Indeed some of our courts announce the rule that conviction upon an unconstitutional statute can
 
 *176
 
 not be inquired into in
 
 habeas corpus,
 
 because such proceeding is equivalent to a collateral attack upon a criminal judgment in a case wherein that question could have been or had been determined. Recognizing, however, the divergent judicial pronouncements in this country upon this subject, we may be permitted to revert to what we consider the more recent opinions of the Supreme Court of the United States upon this controverted point, especially in view of the fact that many courts holding that
 
 habeas corpus
 
 is a proper remedy in such cases rely, in the main, upon what was said by Justices Bradley and Miller in
 
 Ex parte Siebold,
 
 100 U. S., 371, 377, 25 L. Ed., 717, and
 
 Ex parte Yarbrough,
 
 110 U. S., 651, 4 Sup. Ct., 152, 28 L. Ed., 274. In the latter (110 U. S., at page 654, 4 Sup. Ct., 153, 28 L. Ed., 274), Justice Miller used the following significant language:
 

 “If the law which defines the offense and prescribes its punishment is void, the court was without jurisdiction and the prisoners must be discharged. ’ ’
 

 Substantially the same language is used by a dictum in
 
 Ex parte Shaw,
 
 7 Ohio St., 81, 70 Am. Dec., 55, but the constitutionality of law was not there involved. However, in more recent cases, the United States Supreme Court has held, that, while federal courts have discretion in
 
 habeas corpus
 
 in cases of conviction where it is claimed that the statute under which the conviction was had is violative of the organic law, it is only where exceptional circumstances intervene that such courts may order the release of convicted offenders, and that in the absence of such exceptions such com
 
 *177
 
 plainants will not be allowed to test the constitutionality of the statute in
 
 habeas corpus,
 
 but will be relegated to the tribunals of the state court wherein such questions may be threshed out.
 
 Ex parte Royall,
 
 117 U. S., 241, 6 Sup. Ct., 734, 29 L. Ed., 868;
 
 United States
 
 v.
 
 Valante,
 
 U. S. Adv. Ops., 1923-24, page 472, 44 Sup. Ct. Rep. 411, decided April 21, 1924.
 

 In the
 
 Royall case
 
 it was urged by the petitioner that he was restrained of his liberty in violation of the United States Constitution. The circuit court had dismissed the petition in
 
 habeas corpus,
 
 and in affirming its judgment Mr. Justice Harlan, in the course of his opinion, said, at page 250 of 117 U. S., at page 740 of 6 Sup. Ct. (29 L. Ed., 868):
 

 “The question as to the constitutionality of the law under which he is indicted must necessarily arise at his trial under the indictment, and it is one upon which, as we have seen, it is competent for the state court to pass. * * * Nor do their circumstances, as detailed in the petitions, suggest any reason why the state court of original jurisdiction may not, without interference upon the part of the courts of the United States, pass upon the question which is raised as to the constitutionality of the statutes under which the appellant is indicted.”
 

 Later, in the case of
 
 Johnson
 
 v.
 
 Hoy,
 
 227 U. S., 245, 247, 33 Sup. Ct., 240, 241 (57 L. Ed., 497), Mr. Justice Lamar used the following pertinent language :
 
 *178
 
 able to a defendant before trial, except in rare and exceptional cases as pointed out in
 
 Ex parte Royall,
 
 117 U. S., 241. This is an effort to nullify that rule and to depart from the regular course of criminal proceedings by securing from this court, in advance, a decision on an issue of law which the defendant can raise in the district court, with the right, if convicted, to a writ of error on any ruling adverse to his contention. That the orderly course of a trial must be pursued and the usual remedies exhausted,
 
 even where, the petitioner attacks on habeas corpus the constitutionality of the statute under which he was indicted,
 
 was decided in
 
 Glasgow
 
 v.
 
 Moyer,
 
 225 U. S., 420.”
 

 
 *177
 
 “The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict, and, for still stronger reasons, it is not avail-
 

 
 *178
 

 Glasgow
 
 v.
 
 Moyer,
 
 225 U. S., 420, 32 Sup.
 
 Ct.,
 
 753, 56 L. Ed., 1147, is a case wherein a writ of
 
 habeas corpus
 
 was sought. Mr. Justice McKenna, reciting the fact that a section of the Criminal Code under which the appellant was indicted was attacked as “unconstitutional because (a) it is not within the constitutional grant of legislative power to Congress,” and referring to the principle denying the right to use the writ in order to correct error, says, on page 429 of 225 U. S., on page 756 of 32 Sup. Ct. (56 L. Ed., 1147):
 

 “The principle is not the less applicable because the law which was the foundation of the indictment and trial is asserted to be unconstitutional.
 
 * * *
 
 Those questions, like others, the court is invested with jurisdiction to try if raised, and its decision can be reviewed, like its decisions upon other questions, by writ of error. The principle of the cases is the simple one that if a court has jurisdiction of the case the writ of
 
 habeas corpus
 
 
 *179
 
 cannot be employed to retry tbe issues, whether of law, constitutional or other, or of fact.”
 

 In the case of
 
 Henry
 
 v.
 
 Henkel,
 
 235 U. S., 219, 35 Sup. Ct., 54, 59 L. Ed., 203, Mr. Justice Lamar, after adverting to the fact that applications for
 
 habeas corpus
 
 had been before that court for various reasons, including the unconstitutionality of a statute, state or federal, on which the charge was based, said at page 229 of 235 U. S., at page 57 of 35 Sup. Ct. (59 L. Ed., 203):
 

 “But in all these instances, and notwithstanding the variety of-forms in which the question has been presented, the court, with the exceptions named, has uniformly held that the hearing on
 
 habeas corpus
 
 is not in the nature of a writ of error nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court. If the objections are sustained or if the defendant is acquitted, he will be discharged. If they are overruled and he is convicted, he has his right of review.
 
 Kaizo
 
 v.
 
 Henry,
 
 211 U. S., 146, 148. The rule is the same whether he is committed for trial in a court within the district or held under a warrant of removal to another state. He cannot, in either case, anticipate the regular course of proceeding by alleging a. want of jurisdiction and demanding a ruling thereon in
 
 habeas corpus
 
 proceedings.
 
 Glasgow
 
 v.
 
 Moyer,
 
 225 U. S., 420.”
 

 
 *180
 
 This rule was applied in
 
 In re
 
 Gregory, 219 U. S., 210, 31 Sup. Ct., 143, 55 L. Ed., 184. There Gregory had been arraigned in the police court, had pleaded not guilty, waived jury trial, and submitted his case to the court. A judgment of guilty was entered and the defendant sentenced to pay a fine. He thereupon filed his application for a writ of
 
 habeas corpus
 
 in the Supreme Court. Mr. Justice Hughes delivered the opinion, in the course of which he said:
 

 “The only question before us is whether the police court had jurisdiction. A
 
 habeas corpus
 
 proceeding cannot be made to perform the function of a writ of error.”
 

 The only ground upon which the jurisdiction of the police court was assailed was that “the statute under which the information was brought is unconstitutional.” The learned justice held that the police court had jurisdiction to determine not only the legal questions arising upon the record, but the constitutionality of the statute. If the statute was valid, there certainly could be no question that a writ of
 
 habeas corpus
 
 should be denied. So, if the police court had jurisdiction to declare the ordinance valid it likewise had jurisdiction to determine and declare its invalidity. In the course of his opinion, Mr. Justice Hughes cited the case of
 
 Ex parte Watkins,
 
 3 Pet. (28 U. S.), 193, 7 L. Ed., 650, wherein Chief Justice Marshall said, at page 203 of 3 Pet. (7 L. Ed., 650):
 

 “The judgment of such a tribunal has all the obligation which the judgment of any tribunal can have. To determine whether the offense charged in the indictment be legally punishable, or not, is
 
 *181
 
 among the most unquestionable of its powers and duties. The decision of this question is the exercise of jurisdiction, whether the judgment be for or against the prisoner. The judgment is equally binding in the one case and in the other, and must remain in full force, unless reversed regularly by a superior court, capable of reversing it.”
 

 The Justice also cited the case of
 
 Ex parte Parks,
 
 93 U. S., 18, 20, 23 L. Ed., 787, wherein the court said:
 

 “Whether an act charged in. an-indictment is or is not a crime by the law which the court administers (in this case the statute law - of the United States) is a question which has to be met at almost every stage of criminal proceedings; on motions to quash the indictment, on demurrers, on motions to arrest judgment, etc. The court may err, but it has jurisdiction of the question.”
 

 And the learned Justice closed his opinion with the statement that finding that jurisdiction had been conferred upon the police court by statute the application for- a writ of
 
 habeas corpus
 
 should be denied.
 

 It will therefore be seen from an examination of the federal authorities that they hold that a trial court has jurisdiction to hear and determine the legal question whether a statute under which the prosecution is based is constitutional or otherwise, and that on such grounds
 
 habeas corpus
 
 is not the proper remedy, except under peculiar and exceptional circumstances, to obtain the release of one who has been convicted. Such release must be obtained in the ordinary course of law, either by the
 
 *182
 
 determination of the trial court or by an appeal to the courts of error.
 

 In the instant case the defendant had the right of review. This court has held that
 
 habe.as corpus
 
 may be employed where a state criminal court has attempted to try an offender for an offense other than that for which he was extradited; likewise that such remedy might be employed where a state court arrogated to itself the jurisdiction of a federal court.
 
 Ex parte Bridges,
 
 2 Woods, 428, Fed. Cas. No. 1,862, cited in
 
 Ex parte Royall, supra.
 
 Likewise, if a magistrate in this state were to try an offender for felony, when he was vested only with jurisdiction in misdemeanor, a writ of
 
 habeas corpus
 
 would no doubt lie. Defendant might also apply, under our Constitution, for a writ of prohibition in such case.
 

 We are constrained to the conclusion reached by the provisions of the Ohio Code upon this subject. Section 12165, General Code, provides:
 

 “If it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; or, if the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment or order. ’’
 

 The municipal court, in the present instance, had jurisdiction to render the judgment of conviction. Had it held the ordinance unconstitutional,
 
 *183
 
 that court would have had jurisdiction to render a judgment acquitting the defendant. The section of the Code quoted specifically states that, if such magistrate had jurisdiction, the writ of
 
 habeas corpus
 
 shall not be allowed. This court has had two cases wherein it entertained jurisdiction in
 
 habeas corpus
 
 after arrest, but before conviction. Both of these cases arose while the above-quoted section was in force. They are
 
 Arnold
 
 v.
 
 Yanders, 56
 
 Ohio St., 417, 47 N. E., 50, 60 Am. St. Rep., 753, and
 
 In re Preston,
 
 63 Ohio St., 428, 59 N. E., 101, 52 L. R. A., 523, 81 Am. St. Rep., 642. In the latter ease, the writer of this opinion was one of the counsel for the petitioner in
 
 habeas corpus.
 
 In both of these cases the writ was sought before conviction, but the question of remedy was not presented or disposed of in either case.
 

 We are therefore of the opinion that the municipal court of Cincinnati had jurisdiction in the present, instance, and that after conviction the offender cannot employ the writ of
 
 habeas corpus
 
 upon the alleged ground that the ordinance under which he was convicted was unconstitutional and void.
 

 Having decided that plaintiff in error has pursued the wrong remedy, the court deems it unnecessary to pass upon the constitutionality of the ordinance. For the reasons stated in this opinion the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Wanamaker, Robinson, Matthias, Day and Allen, JJ., concur.