## EX PARTE ELICKER.

*Intoxicating liquors—Conviction of third offense for unlawful possession—Habeas corpus not appropriate remedy to secure defendant's release—Trial court had jurisdiction to determine validity of two former convictions—Habeas corpus not substitute for error proceedings—Jurisdiction not challenged in trial courts.*

1. Where the defendant is convicted in the court of common pleas upon an indictment for a third offense for possession of intoxicating liquor, and where, upon a plea of guilty, such trial court orders the defendant imprisoned as for a third offense, and the defendant is so imprisoned, a writ of *habeas corpus* is not the appropriate remedy to secure the defendant's release.

2. In such case the trial court had jurisdiction to determine the regularity of the first and second convictions, and if the trial court erred in such determination then the defendant's remedy is a proceeding in error and not a writ of *habeas corpus*.

(Decided April 25, 1927.)

IN HABEAS CORPUS.

*Messrs. Little, Wicks & Carnes,* for petitioner.

*Mr. Edward C. Turner,* attorney general, and *Mr. Herman E. Werner,* for respondent.

KUNKLE, J.     William Elicker, the petitioner, seeks a release, through a writ of *habeas corpus,* from the custody of the superintendent of the London prison farm.

It appears from the record that William Elicker was sentenced to the Ohio penitentiary by the judge of the court of common pleas of Shelby county on an indictment of which the following is a copy:

"The jurors of the grand jury of the state of Ohio, within and for the body of the county of Shelby, impaneled, sworn and charged to inquire of crimes and offenses committed within the said county of Shelby in the name and by authority of the state of Ohio, on their oaths do find and present, that William Elicker, late of said county, on the 17th day of November, in the year of our Lord one thousand nine hundred and twenty-six, with force and arms, in said county of Shelby and state of Ohio, did then and there possess intoxicating liquors; that the said possession of intoxicating liquors as aforesaid by William Elicker was then and there prohibited and unlawful and contrary to Section 6212-15 of the General Code of Ohio; that therefore, to wit, on the 17th day of January, 1924, the said William Elicker in the mayor's court of the village of Lockington, county of Shelby and state of Ohio, pleaded guilty to a charge of unlawfully possessing intoxicating liquors on the 17th day of January, 1924, in violation of the laws of Ohio, to wit, Section 6212-15 of the General Code of Ohio, and was adjudged to pay a fine of $300 and costs, and that in said matter there had been a final adjudication; that therefore, to wit, on the 29th day of July, 1926, the said William Elicker in the mayor's court of the village of Lockington, county of Shelby and state of Ohio, pleaded guilty to a charge of unlawfully possessing intoxicating liquors on the 29th day of July, 1926, in violation of the laws of Ohio, to wit, Section 6212-15 of the General Code of Ohio, and was adjudged to pay a fine of $500 and costs; that in said matter there was a final adjudication; and that the offense charged as committed on the 29th day of July, 1926,

was a second offense under the act known as the Crabbe Law as amended, embraced within and including Sections 6212-13 to 6212-20 of the General Code of Ohio; that the offense herein charged as being committed on the 17th day of November, A. D. 1926, in the county of Shelby and state of Ohio, as aforesaid, is a third offense committed by the said William Elicker under an act known as the Crabbe Law as amended, embraced within and including Sections 6212-13 to 6212-20 of the General Code of Ohio.''

In brief, the record discloses that on January 17, 1924, the said Elicker was arraigned before the mayor of the village of Lockington, Shelby county, Ohio, upon a charge of unlawful possession of intoxicating liquor, and that he pleaded guilty and was sentenced to pay a fine of $300 and costs by such mayor; that on July 29, 1926, the said Elicker was again arraigned before the same mayor upon a similar charge, and pleaded guilty to such charge, and was sentenced to pay a fine of $500 and costs; that at the October term, 1926, of the court of common pleas of Shelby county, the said Elicker was indicted upon a charge of unlawful possession of intoxicating liquor, and by virtue of the two previous convictions before the mayor of Lockington was charged in said indictment with a third offense; and that upon being arraigned in the court of common pleas of Shelby county he entered a plea of guilty to the indictment and was sentenced to the Ohio penitentiary.

It is conceded that the mayor of the village of Lockington assumed to exercise jurisdiction under Sections 6212-13 to 6212-20, General Code, and that the fines collected by said mayor were divided

equally between the village of Lockington and the state of Ohio, as provided by Section 6212-19, General Code.

It is also admitted that the said Elicker entered a plea of guilty before the magistrate upon the two affidavits filed in his court, and also upon the indictment in the court of common pleas. He did not raise the question of jurisdiction either before the magistrate or in the court of common pleas, but by his three separate pleas of "guilty" conferred upon such courts whatever jurisdiction can be conferred by consent of the parties.

Counsel for the petitioner, and also for the state, have submitted very exhaustive briefs in which many of the pertinent decisions of the Supreme Court of the United States, of the Supreme Court of Ohio, and of other jurisdictions, are cited and reviewed.

We shall not attempt to discuss or analyze the decisions so cited in detail. From the conclusion at which we have arrived, it is unimportant to do so.

Counsel for petitioner rely very largely upon the recent decision of the Supreme Court of the United States in the case of *Tumey* v. *State*, 273 U. S., 510, 47 S. Ct., 437, 71 L. Ed., 749, 50 A. L. R., 1243, which decision was rendered May 7, 1927. From a careful consideration of the *Tumey case* we cannot escape the conclusion that the *Tumey case* is not controlling in a determination of the case at bar.

The record in this case discloses that Elicker is imprisoned, not by virtue of any sentence or judgment of the mayor of Lockington, but is imprisoned by reason of the sentence and judgment

of the court of common pleas of Shelby county, and that it is the judgment and sentence of the court of common pleas of Shelby county that is sought to be held void by means of a writ of *habeas corpus*.

The court of common pleas of Shelby county, in our opinion, had complete jurisdiction over the offense charged in the indictment. There can be no question as to the competency of judges of the court of common pleas to hear and determine offenses of this nature. It is true the prior offenses heard before the mayor of Lockington were brought in as an aggravation of the principal offense in the indictment, but when the indictment containing such aggravated charge as a third offense came before the court of common pleas of Shelby county we think such common pleas court had jurisdiction to determine: (1) Whether the averments of the indictment were sufficient to put the defendant upon trial as to the offenses charged therein; and (2) whether upon such trial the evidence as to the previous offenses was sufficient to sustain the indictment. In brief, we are of opinion that the court of common pleas of Shelby county had complete jurisdiction to hear and determine the sufficiency of the charges contained in the indictment.

If the common pleas court of Shelby county had jurisdiction to hear and determine such questions, then the next question relates to the remedy, if Elicker is dissatisfied with such determination.

In our opinion, the recent decision of the Supreme Court of Ohio, in the case of *Yutze* v. *Copelan*, 109 Ohio St., 171, 142 N. E., 33, 32 A. L. R., 1048, is decisive of this proposition. The syllabus of that case is as follows:

"A writ of *habeas corpus* will not lie, to test the

constitutionality of a statute or ordinance, in favor of one who has been convicted, where the criminal court wherein conviction was obtained had jurisdiction or power to determine the question of constitutionality. In such case the writ cannot be made a substitute for proceedings in error.''

In the above-cited case, Yutze was convicted under an ordinance of the city of Cincinnati, and sought his release by a writ of *habeas corpus* upon the ground that the ordinance was invalid.

Our Supreme Court held that the remedy of the petitioner was by a writ of error and not by petition for writ of *habeas corpus*. Under the rule announced in the *Yutze case* we think it is apparent that the court of common pleas of Shelby county had jurisdiction to determine the constitutionality of the law under which the prior convictions were had, and also to determine the regularity of such prior proceedings. The claim of the petitioner in the case at bar in substance is that the mayor of Lockington was without jurisdiction to hear and pass upon the affidavits in the two prior cases. This question was properly before the court of common pleas of Shelby county in the case wherein the petitioner was sentenced and such court had jurisdiction to hear and determine such question. In rendering the decision in the *Yutze case,* Judge Jones, among other things, states:

''It will therefore be seen from an examination of the federal authorities that they hold that a trial court has jurisdiction to hear and determine the legal question whether a statute under which the prosecution is based is constitutional or otherwise, and that on such grounds *habeas corpus* is not the proper remedy, except under peculiar and

exceptional circumstances, to obtain the release of one who has been convicted. Such release must be obtained in the ordinary course of law, either by the determination of the trial court or by an appeal to the courts of error."

Section 12165, General Code, provides:

"If it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; or, if the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."

In our opinion the remedy of the petitioner was by a proceeding in error from the judgment of the court of common pleas of Shelby county to the Court of Appeals, and the writ of *habeas corpus* is not the appropriate remedy to be pursued by petitioner.

*Writ refused.*

FERNEDING and ALLREAD, JJ., concur.