(Continued from page 668)

# PROBATE COURT

No. 741

LEE, In re.

Probate Court, Miami County.

No. 20207.

First Publication of this Opinion.

601. HABEAS CORPUS — 259. Commitment—Where commitment is made without trial, habeas corpus will lie.

480. EVIDENCE—Where record shows that accused was committed to jail two hours before hour set for trial, evidence to explain discrepentcy in record is admissible.

Habeas Corpus.
Writ allowed.

FULL TEXT.

KERR, J.

Application is made herein for the release of Edna Lee under the claim that;

(1) She was denied the right of being represented by counsel.

(2) She was deprived of the right to have process issued for witnesses.

(3) She was forced into trial immediately and without opportunity for preparation.

(4) Bail was refused her.

(5) She was deprived of the opportunity of preparing her defense.

The criminal Docket and the papers in the cases offered as evidence show that on July 28, 1927, Edna Lee was arrested under an ordinance of the City of Piqua on two charges, one of possession and one of selling intoxicating liquor; that she was arraigned, pleaded not guilty, was tried found guilty, sentenced and committed to Jail of Miami county, Ohio, on the same day. The entry of arraignment shows that the defendant asked to have her hearing at 2 P. M. and the case was set for that time and bond fixed at $150.00 but the return on the Commitment shows that it was received by the Chief of Police at 11:00 A. M. or three hours before the time set for trial.

The record offers no explanation of this discrepancy but does show **conclusively defendant's request** and the setting of the hour for trial and her commitment previous to the hour set.

Evidence was offered by Edna Lee as to the events transpiring at the time of arraignment and trial and to this evidence objection was made that, no evidence aside from the record could be considered. The Court reserved its decision and now holds said evidence competent for at least one purpose, if no other, and that is to explain the discrepency in the record itself between the hour set for hearing and the hour of commitment.

The evidence of Miss Nichols, Deputy Clerk, Perry Thompson, Bailiff, and Frank Gehle, Chief of Police, show beyond dispute;

(1) That W. H. Valentine appeared as counsel for Edna Lee and that the Court ordered the Bailiff to take Mr. Valentine from the room and that Mr. Valentine then withdrew as counsel so that Edna Lee might procure other counsel.

(2) That she requested time to consult an attorney; to procure witnesses and that the trial be set for a later date.

(3) That the case proceeded at once without any opportunity for Edna Lee to consult an attorney or procure her witnesses.

The Court has carefully considered the cases referred to by counsel opposing the issuing of the writ herein, namely:

190 OS. 188

180 OS. 519-528

87 OS. 72

109 OS. 171 and

12615 General Code

but questions the right and jurisdiction to hear and determine the question of any persons guilt until that person has had his or her legal rights to counsel, witnesses and preparation for trial and in any event questions the jurisdiction to commit a person three hours before the hour set for trial.

The Supreme Court has very recently decided in the case of Thomas v. Mills, a suit brought by Mills to compel Warden Thomas of the Ohio Penitentary to permit him to interview his client, that refusal to permit a client and attorney to confer is a gross abuse of discretion. This was after the client had been tried and had had opportunity to advise counsel of the facts. How much stronger does the rule apply when the client has had no opportunity to consult.

It is argued that habeas corpus will not lie but that a writ of error would lie. Just how a Bill of Exception could be prepared or exceptions noted or any wrongful act objected to without counsel to care for it is not explained.

The writ is therefore allowed as prayed for for the reason that commitment was made without trial or before the hour of trial if we rely on the record alone and if we consider extrinsic evidence to explain the record such evidence discloses the defendant deprived of her constitutional rights of having counsel and witnesses in her behalf but the Sheriff is ordered to hold said Edna Lee for arraignment in this court on affidavits filed herein charging her with possession and selling intoxicating liquors.