Marshall, C. J.
 

 This cause originated in the Court of Appeals as a proceeding in habeas corpus, the application for the writ reciting that William Elicker is restrained of his liberty by the superintendent of the New London prison farm, and that said imprisonment is without legal authority. The cause was submitted to the Court of Appeals upon an agreed statement of facts, which, in its essential parts, shows that Elicker pleaded guilty to the violation of Section 6212-15, General Code, relating to the possession of intoxicating liquors, before the mayor of the village of Lockington, in' Shelby county, Ohio, January 17, 1924, and was adjudged to pay a fine; that on July 29, 1926, he pleaded guilty to a like charge, which, in the affidavit was charged as a second offense, before the same mayor, and was adjudged guilty of a second offense and was again adjudged to pay a fine; that later he was in-
 
 *501
 
 dieted by the grand jury of Shelby county upon a charge of having committed a third offense against the prohibition laws embraced within and including Sections 6212-13 to 6212-20 of the General Code. To this indictment he pleaded guilty. The indictment alleged that the third offense was committed November 17, 1926. The indictment was returned by the grand jury November 24, 1926. To the indictment alleging a third offense Elicker pleaded guilty, but the time of entering the plea is not stated in the agreed statement of facts, except that it was entered during the October, 1926, term of the common pleas court of Shelby county. Upon his pleas of guilty he was sentenced by the court to confinement in the Ohio penitentiary for not less than 3 years, nor more than 5 years, and to pay a fine of $1,000. Error was not at any time prosecuted from the judgment of the common pleas court. The application for a writ of habeas corpus was filed in the Court of Appeals of Madison county, where the prison farm is located, on April 4,1927.
 

 The claims of the petitioner are based upon the decision of the case of
 
 Tumey
 
 v.
 
 State of Ohio,
 
 273 U. S., 510, 47 S. Ct., 437, 71 L. Ed., 749, 50 A. L. R., 1243, decided in the Supreme Court of the United States March 7, 1927. It is the theory of the petitioner that the judgments of the mayor of Lockington were utterly null and void, and that there was, therefore, no valid adjudication of a first and second offense, and that, therefore, there could be no valid conviction of a third offense.
 

 It appearing that no objection was made in the court of common pleas, and that no defense was
 
 *502
 
 made to the indictment on the ground that the first and second offenses were not established by valid judgments, but, on the contrary, the plea of guilty to the indictment establishing conclusively the truth of the indictment, and no error being prosecuted from the judgment of the court of common pleas, that judgment became a finality.
 

 The agreed statement of facts shows that Elieker is in custody of the superintendent of the prison farm under process issued by the court of common pleas of Shelby county, and it is not doubted that that court had jurisdiction to issue the process and render the judgment. Section 12165, General Code, therefore applies. That section is as follows:
 

 “If it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; or, if the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order.”
 

 This court has heretofore had under consideration to be measured by that statute the case of
 
 Yutze
 
 v. Copelan, 109 Ohio St., 171, 142 N. E., 33, 32 A. L. R., 1048. It was there declared, all judges concurring, that a writ of habeas corpus will not lie to test the constitutionality of a statute or ordinance claimed by the applicant for the writ to be unconstitutional, where the applicant has been convicted, and where the court entering the judgment
 
 *503
 
 of conviction had jurisdiction to determine the question of constitutionality. In the instant case there is no claim of unconstitutionality of the statute defining the offense, but it is claimed that the statutes providing the jurisdiction of the mayor to enter the judgments upon the first and second offenses were unconstitutional, and that for that reason there could be no valid indictment for a third offense. Both cases therefore rest upon a claim of unconstitutionality of statutes.
 

 The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Day, Allen and Matthias, J J., concur.