## FAUBER v RIBER

Ohio Appeals, 4th Dist, Highland Co
Decided February 27, 1930

Clark E. Holloday, Hillsboro, for Fauber.
George L. Garrett, Hillsboro, for Riber.

**BLOSSER, J.**

The demurrer admits the allegations of the petition. The plaintiff predicates his right of recovery on the theory that the defendant as such mayor, having a financial interest in the case by reason of his being entitled to a part of the fees and costs as part of his compensation, was for that reason disqualified to sit in the case and that the judgment rendered by him against the plaintiff was void. He cites as his principal authority for this proposition the **Tumey Case, 273 U. S. 510.** A careful reading of this case will disclose that the Supreme Court did not hold the statutes under which the mayor acted were unconstitutional, but only that the judgment in a case of this kind is voidable and can be taken advantage of when the objection to the mayor sitting in the case is seasonably raised and **error is prosecuted therefrom.**

In the present case the action of the mayor was not void but only voidable. He was personally disqualified from sitting in the case by reason of his financial interest in the fees and costs. The case is analogous to a disqualified juror sitting in a case. A party has the right to challenge such juror, but if he sits in the case and the judgment is against such party he can prosecute error but certainly such party has no right to maintain a civil action for damages against such juror. It being conceded that the mayor was duly elected and qualified, he had the power as such mayor to hear and determine a case of this kind when brought before him. His disqualification to sit was personal by reason of his financial interest. The power to hear and determine a case is jurisdiction. This is fully explained in the case of **Sheldon's Lessee v. Newton, 3 OS. 494.** The mayor's action and judgment in this case was final unless reversed on error. This judgment can not be attacked collaterally, and the only remedy which the aggrieved party had was by prosecuting error to the judgment rendered. This interpretation is borne out in the **Tumey Case** and is also clearly expressed in the case of **Tari v. State, 117 OS. 481.** This principle is recognized in the case of **Ex Parte Elicker, 117 OS. 500,** which holds that an application for a writ of habeas corpus can not be made a substitute for proceedings in error.

It is the universal rule and well settled that in general a judicial officer can not be held liable in a civil action for any act done by him in his judicial capacity. **Wheeler v. Gavin, 5 O. C. C. 246.** This is the general rule and is elementary.

"It is unquestionable, and has been from the earliest days of the common law, that a judicial officer can not be held to account in a civil action for his determination and acts in his judicial capacity however erroneous or by whatever motives prompted. This rule rests on the highest considerations of public policy."

**15 Ruling Case Law, Section 53.**

It follows from the foregoing that the demurrer to the second amended petition was properly sustained and that there was no error committed by the trial court in sustaining the same.

MINDLETON, P. J., and MAUCK, J., concur.