HAMLIN, In re, Petitioner, v. STATE and ALVIS, Respondents.

Ohio Appeals, Second District, Franklin County.

No. 4445. Decided May 18, 1950.

W. R. Morris, Columbus, for petitioner.
Hon. Herbert S. Duffy, Atty. Genl., Alan E. Schwarzwalder, Asst. Atty Genl., Columbus, for respondents.

**OPINION**

By THE COURT.

The petition seeks a writ of habeas corpus upon the following grounds:

1. Irregularities in the trial proceeding.
2. The verdict is not sustained by sufficient evidence.
3. The improper introduction of evidence.
4. That he is committed to the Ohio Penitentiary under §12414 GC, which is unconstitutional.

The indictment alleges that the petitioner being a male person of the age of fifty-three years,

"did unlawfully and knowingly carnally know and abuse one Delores Herron, with her consent, she, the said Delores Herron, then and there being a female person under the age of sixteen years, to wit: of the age of fourteen years, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio."

The record discloses that a verdict of guilty was returned by the jury and a sentence of one to twenty years was imposed. The first three grounds are related to the conduct of the trial and which may not be considered by this Court as habeas corpus is not the proper remedy to review errors, either of fact or law, that may occur in the trial of a criminal case. It is not a substitute for error proceedings.

Next, considering the constitutionality of §12414 GC, although the Supreme Court of Ohio has decided in the case of **Yutze v. Copelan, 109 Oh St 171,** that the constitutionality of a statute may not be tested under habeas corpus proceedings where the trial court had jurisdiction or power to determine the question, we need not decide the question on this ground. The appellant cites no authority to support his contention other than that he says that Judge Bell of the Court of Common Pleas for Hamilton County has so ruled. We have made diligent search but have been unable to find such a reported decision. The appellant makes no reference to the particular provision of the Constitution he claims is violated and our examination discloses nothing upon which we can place such a construction. It is therefore our conclusion that §12414 GC is a valid statute.

The application will be denied, as we find the petitioner is lawfully committed to the Ohio Penitentiary.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.