Weygandt, C. J.
 

 This is the third time this matter has been litigated.
 

 First, the petitioner was convicted and sentenced to a term of one year in the workhouse and a fine of $1,000 for each of the two offenses. These judgments remain unreversed and unmodified.
 

 Second, the petitioner filed an original action in the Court of Appeals for a writ of habeas corpus. The writ was denied. That judgment, too, stands unreversed and unmodified.
 

 
 *82
 
 And, third, the petitioner has filed the instant original action in this court for a writ of habeas corpus.
 

 It is the contention of the petitioner that the municipal ordinance under which he was convicted, sentenced and imprisoned is unconstitutional and that hence he is illegally restrained.
 

 This contention is based on the single fact that the maximum penalty provided by the ordinance is greater than that of the state statute, Section 12423, General Code. The former maximum is a fine of $1,000 and imprisonment for one year, while the latter is a fine of $200 and imprisonment for six months.
 

 There are several fatal difficulties with this contention, but only one of them needs to be considered.
 

 The petitioner apparently has overlooked the settled rule that a writ of habeas corpus may not be employed as a substitute for the remedy of appeal or as a means for testing the constitutionality of a statute or ordinance.
 

 In the syllabus in the case of
 
 Ex Parte Elicker, 117
 
 Ohio St., 500, 159 N. E., 478, this court held:
 

 “An application for a writ of habeas corpus cannot be made a substitute for proceedings in error.”
 

 And in the syllabus in the case of
 
 Yutze
 
 v.
 
 Copelan, Chief of Police,
 
 109 Ohio St., 171, 142 N. E., 33, 32 A. L. R., 1048, this court said:
 

 “A writ of habeas corpus will not lie, to test the constitutionality of a statute or ordinance, in favor of one who has been convicted, where the criminal court wherein conviction was obtained had jurisdiction or power to determine the question of constitutionality. In such case the writ cannot be made a substitute for proceedings in error.”
 

 The Municipal Court had that jurisdiction.
 

 It is manifest that the petitioner must be remanded
 
 *83
 
 in this case as in the former action in the Court of Appeals.
 

 Petitioner remanded to custody.
 

 Matthias, Zimmerman, Stewart, Turner and Taft, JJ., concur.
 

 Hart, J., concurs in the syllabus and in the judgment.