The State, ex rel. Focke, v. Kirkpatrick, Chief of Police.

(No. 2317—Decided January 26, 1955.)

*Mr. Joseph W. Sharts* and *Mr. Otterbein Creager*, for relator.

*Mr. Herbert S. Beane*, law director, *Mr. William P. Keane* and *Mr. Arthur O. Fisher*, for respondent.

*Per Curiam.* This cause is submitted on the motion of respondent to dismiss the petition for a writ of habeas corpus. The relator invoked the original jurisdiction of this court. The facts have been stipulated.

The relator was arrested by the Police Department of the city of Dayton for a violation of an ordinance of the city. Relator filed a motion to quash, which was overruled. He is now awaiting trial in the Municipal Court of Dayton. The stipulated facts do not show that relator is in custody; however, the petition alleges he is being restrained of his liberty by the chief of police, and it seems to be conceded by counsel that he is in technical custody.

The relator contends that the warrant for arrest was improperly issued, which, if all that is claimed is true, would amount to an irregularity which would not deprive the court of jurisdiction and the question could be presented only on appeal.

The principal ground for issuing the writ is the claim that the city ordinance, the violation of which the relator is charged with, is unconstitutional and void. It is well established in Ohio that the constitutionality of a statute or ordinance cannot be tested by a petition for a writ of habeas corpus. *Yutze* v. *Copelan, Chief of Police,* 109 Ohio St., 171, 142 N. E., 33, 32 A. L. R., 1048; *Ex parte Elicker,* 117 Ohio St., 500, 159 N. E., 478; *Calhoun* v. *Russell,* 154 Ohio St., 81, 93 N. E. (2d), 561; *Hamlin* v. *State,* 58 Ohio Law Abs., 274, 96 N. E. (2d), 426. In *Yutze* v. *Copelan, supra,* the syllabus is as follows:

"A writ of *habeas corpus* will not lie, to test the constitutionality of a statute or ordinance, in favor of one who has been convicted, where the criminal court wherein conviction was obtained had jurisdiction or power to determine the question of constitutionality. In such case the writ cannot be made a substitute for proceedings in error."

Unquestionably the Municipal Court of Dayton had jurisdiction and power to determine the question of the constitutionality of the ordinance. That court has jurisdiction of the person and the subject matter. It is axiomatic that habeas corpus will lie only when the court exercising restraint is acting without jurisdiction. 20 Ohio Jurisprudence, 429, Section 11. If the court issuing the process, rendering the judgment, or making the order, had jurisdiction the writ of habeas corpus shall not be allowed. Section 2725.05, Revised Code.

*Motion to dismiss sustained.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.