Per Curiam.

Petitioner contends that his conviction in 1934, of the crime of burglary, by the Court of Common Pleas of Cuyahoga County was void for lack of jurisdiction, due to the fact that at that time petitioner was a minor of the age of 17 years. This court is not in accord with that contention. In 1934 the Common Pleas Court of Cuyahoga County had jurisdiction concurrent with that of the Juvenile Court, under au *510 thority of Section 1639, General Code (108 Ohio Laws, pt. 2, 1130). Also, Section 1683-20, General Code (114 Ohio Laws, 45), a section of the act creating the Juvenile Court of Cuyahoga County, provided in part:
“The Judge of Juvenile Court * * * shall be the clerk of said court, with all the powers and duties .of a Clerk of the Court of Common Pleas in connection with the. business of ‘said Juvenile Court of which the Court of Common Pleas now has concurrent jurisdiction by virtue of Section 1639 of the General Code.” (Emphasis added.)
Petitioner contends further that he was denied due process of law and equal protection of the law in the conviction for robbery in Columbiana County in 1947, in that the prosecuting attorney, “in a conspiracy,” had petitioner charged with “robbery,” contrary to the evidence, instead of “armed robbery,” for the reason that armed robbery “does not sustain a conviction as an habitual criminal” under Section 13744-1, General Code.
This contention is without merit. Alleged defects in the indictment can not be reviewed in a proceeding in habeas corpus. Ex parte Van Hagan, 25 Ohio St., 426; In re Whitmore, 137 Ohio St., 313, 29 N. E. (2d), 363.
Petitioner contends also that Section 13744-1, General Code (now Section 2961.11, Revised Code), a section of the Habitual Criminal Act, is unconstitutional.
A proceeding in habeas corpus by one who has been convicted of a crime will not lie to test the constitutionality of a statute, where the court in which the conviction was obtained had jurisdiction to determine the question of constitutionality. In re Allen, 91 Ohio St., 315, 110 N. E., 535; Yutze v. Copelan, Chief of Police, 109 Ohio St., 171, 142 N. E., 33, 32 A. L. R., 1048; Ex parte Elicker, 117 Ohio St., 500, 502, 159 N. E., 478; People, ex rel. Birkholz, v. Jonas, Constable, 173 Ill., 316, 50 N. E., 1051.
The petition contains no allegation of fact which entitles petitioner to the relief sought. The relief prayed for is denied.

Petitioner remanded to custody.

Weygandt, C. J., Matthias, Hart, Zimmerman and Stewart, JJ., concur.
Bell, J-., not participating.