Per Curiam.

Petitioner seeks release on the grounds (1) that Section 2947.25, Revised Code, is unconstitutional in that it confers judicial powers on a layman, and (2) that he was not properly sentenced in that, before passing sentence, the courij *49 inquired whether he had anything to say why “judgment” should not be pronounced against him, whereas the word, ‘ ‘ sentence,” should have been used instead of “judgment.”
A proceeding in habeas corpus will not lie to test the constitutionality of a statute in favor of one who has been convicted, where the court in which the conviction was obtained had jurisdiction to determine the question of constitutionality. Yutze v. Copeland, Chief of Police, 109 Ohio St., 171, 142 N. E., 33, 32 A. L. R., 1048.
The questions raised by petitioner could have been determined on appeal from the judgment of conviction. Habeas corpus cannot be made a substitute for appeal, where the court had jurisdiction of the crime and the person. McConnaughy v. Alvis, Warden, 165 Ohio St., 102, 133 N. E. (2d), 133.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Stewart, Bell, Matthias and Herbert, JJ., concur.