**GRAFF, Petitioner, v. ALVIS, Warden, Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 6135. Decided March 24, 1959.

Frederick S. Graff, Columbus, for himself.

Mark McElroy, Atty. Genl., William M. Vance, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By MILLER, J.

Submitted on motion of the respondent seeking an order dismissing the plaintiff's petition for the reason that all matters in controversy between the parties hereto relating to the legality of the petitioner's restraint were fully adjudicated by this court in case No. 6078, an action in habeas corpus, heard by this court on January 21, 1959. The petitioner concedes in his brief filed with the petition that he appeared before this court on January 21, 1959, but urges that the instant petition raises questions not presented in the previous proceeding.

An examination of the petition in the pending action reveals that the petitioner alleges that "he is being illegally detained within the confines of the Ohio State Penitentiary of Columbus, Ohio, contrary to the Constitution and the laws of the State of Ohio and the 5th and 14th Amendments of the U. S. Constitution." Now conceding, for the purposes of argument, that the grounds set forth herein were not considered in the prior action, do they set forth additional valid grounds which may be considered in a habeas corpus proceeding? It will be noted that the petitioner is seeking his release for the reason that his constitutional rights have been violated.

In the case of State, ex rel. Focke v. Price, 165 Oh St 340, the petitioner was seeking his release from prison because of an alleged violation of his constitutional rights. The writ was denied for the reason that the petitioner had an adequate remedy at law by way of appeal, citing Yutze v. Copelan, 109 Oh St 171, 142 N. E. 33, 32 A. L. R., 1048.

The petitioner admits in his brief that he prosecuted error to the Court of Appeals, Eighth Appellate District, wherein judgment was affirmed on September 30, 1958. Having an adequate remedy at law and having exercised the same, the petitioner has set forth no valid additional grounds for his release on habeas corpus. He is, therefore, estopped from proceeding in this action.

In the case of In re Knight, 144 Oh St 257, the court said in Branch 1 of the syllabus:

"The allowance of a writ of habeas corpus operates as a bar and estoppel only as to the particular proceeding then under review and is res judicata only upon the same question presented under the same state of facts."

See also Bowman v. Alvis, 79 Abs 508.

The motion to dismiss will be sustained.

BRYANT, PJ, DUFFY, J, concur.