Per Curiam.

The petitioner’s chief contention is that his sentence is void for failure of the court to include therein the statutory maximum and minimum penalties.
Petitioner’s sentence is in part as follows:
“The said John P. Carmelo, a. k. a. John Como, having been convicted of statutory rape, it is therefore the sentence of the court that he be imprisoned in the penitentiary of this state, and kept at hard labor (no part of said time to be kept in solitary confinement), until legally discharged, and that John P. Carmelo, a. k. a. John Como pay the costs of this prosecution, taxed at three hundred seventy-five and 83/100 ($375.83) dollars. ’ ’
Under Section 5145.01, Revised Code, sentences in Ohio are required to be general. Under this section, even if a sentence is given for a definite term (contrary to the provisions of this section), such fact does not void the sentence but the prisoner is held according to the statutory penalty. Such rule would apply with equal force to the omission of such penalty. The sentence in the instant case clearly shows the crime for which petitioner was convicted and sentenced. The extent of the penalty is purely a matter of statute, easily determinable from an examination thereof.
The petitioner relies on that part of Section 2947.25, Revised Code, which provides as follows:
“Such orders of indefinite commitment shall show the offense of which such person was convicted and the minimum and maximum penalties therefor.”
This statute relates not to the sentence itself' but to the order of indefinite commitment under this section.
The entry committing petitioner to the Lima State Hospital reads in part as follows:
“This cause came on this day for hearing before this court under Section R. C. 2947.25 of the General Code [sic], to *571 determine whether or not defendant John Carmelo, a. k. a. John Como, who was convicted of statutory rape, the lesser count in the indictment, under R. C. 2905.01, providing for imprisonment in a penitentiary for one to twenty (1 to 20 years) is mentally ill.”
Thus it is clear that compliance has been made with this provision.
The petitioner questions the validity of his sentence on the ground that suspension of his sentence while he was committed to the Lima State Hospital was invalid because such hospital is not a penal institution, and he contends that there is no provision in his sentence for confinement in the penitentiary on his release from such hospital, and that there is no provision in his sentence as to when his suspended sentence commenced and terminated.
The prisoner’s arguments stem from a misconception of the procedure followed in these cases. An examination of petitioner’s sentence discloses that he was sentenced to the Ohio Penitentiary. The sentence itself, as distinguished from its execution, was not suspended during his confinement in the Lima State Hospital. Under the provisions of Section 2947.27, Revised Code, the time during which he was committed to the Lima State Hospital is counted as time served with good behavior. The suspension related only to the place of incarceration. That which was suspended was his actual incarceration in the penitentiary. In lieu of such incarceration, he was sent to a state hospital for psychiatric treatment. His commitment to the Lima State Hospital, being for psychiatric treatment, necessarily eould have no set termination date, and, under the law, when he was released from that hospital he was transferred to the penitentiary to serve the remainder of his sentence. None of petitioner’s contentions in this respect are well taken.
However, even if error had occurred in sentencing petitioner this is not a matter which may be raised in a habeas corpus proceeding. Birns v. Sweeney, Sheriff, 154 Ohio St., 137.
Petitioner questions the validity of Section 2947.25, Revised Code. It is well established that the validity of a statute *572 cannot be tested in a habeas corpus proceeding, where, as here, the court in which petitioner’s conviction was obtained had jurisdiction to determine the question of constitutionality. Yutze v. Copelan, Chief of Police, 109 Ohio St., 171, and Harley v. Alvis, Warden, 167 Ohio St., 48.
The petitioner has shown no deprivation of any of his constitutional rights' or any lack of jurisdiction in the trial court.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.