THE STATE, EX REL. TORRES, APPELLANT, *v.* SIMMONS, JUDGE, APPELLEE.

(No. 81-833—Decided December 9, 1981.)

*Mr. Adrian P. Cimerman,* for appellant.

*Ms. Betty D. Montgomery,* prosecuting attorney, and *Mr. Alan R. Mayberry,* for appellee.

*Per Curiam.* Appellant argues that prohibition will lie because the order transferring jurisdiction to the "adult division" is facially invalid and, thus, ineffective to vest jurisdiction in such court. The specific basis for appellant's argument is that the transfer order fails to state the reasons therefor. According to appellant, the Juvenile Court failed to comply with the requirements set forth in *Kent* v. *United States* (1966), 383 U. S. 541, and Ohio Juv. R. 30.

Whether the Juvenile Court's decision to transfer jurisdiction over appellant to the "adult division" was proper under the facts of this case is not a matter to be decided in the first instance by this court.* We have held that "any error complained of [in a transfer order] must be raised in an appeal from the judgment of the Court of Common Pleas." *In re Becker* (1974), 39 Ohio St. 2d 84, 87.

Appellant has an adequate remedy at law by way of appeal. Therefore, the Court of Appeals was correct in dismissing the complaint for a writ of prohibition.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

---

* "It is basic under our procedure that a court of general jurisdiction has the power to determine its jurisdiction in the first instance, and that prohibition cannot be used as a shortcut appeal to question this jurisdiction." *State, ex rel. Erie County Democratic Executive Comm.,* v. *Brown* (1966), 6 Ohio St. 2d 136, 138. Although there is an exception to this general principle, *State, ex rel. Bd. of County Commrs.,* v. *Court of Common Pleas* (1978), 54 Ohio St. 2d 354, such exception does not apply herein.