**In re Petition for Writ of Habeas Corpus of BAKER.**

[Cite as *In re Writ of Habeas Corpus for Baker* (1996), 116 Ohio App.3d 580.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APD07–890.

Decided Dec. 5, 1996.

*David Bodiker,* Ohio Public Defender, *Pamela A. Conger–Cox* and *Susan A. Ward,* Assistant Public Defenders, for petitioner.

*Michael Miller,* Franklin County Prosecuting Attorney, *Bonnie L. Maxton* and *Michael C. McPhillips,* Assistant Prosecuting Attorneys, for respondent.

LAZARUS, Judge.

Petitioner, Treavor M. Baker, filed this original action requesting a writ of habeas corpus requiring respondent, Dee Stewart, the Franklin County Corrections Center Facility Commander, to release him from confinement. Respondent filed a motion to dismiss, and petitioner filed an amended memorandum in support of petition and a memorandum in response to the motion to dismiss. Because petitioner has failed to state a claim in habeas corpus, respondent's motion to dismiss is granted.

The following facts are taken from petitioner's amended petition. A complaint alleging one delinquency count of aggravated robbery in violation of R.C. 2911.01 was filed against petitioner in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, on January 16, 1996. That same day, the state moved to transfer the case to the general division of the court of common pleas pursuant to Juv.R. 30. On February 12, 1996, petitioner filed a motion to quash relinquishment of jurisdiction, on the ground that R.C. 2151.26 was unconstitutionally in conflict with Juv.R. 30. On March 4, 1996, the juvenile court held that the statute is constitutional as applied to petitioner. After a hearing on March 5, 1996, the juvenile court transferred the case to the general division. Petitioner continues to be held in the Franklin County Corrections Center. On March 8, 1996, petitioner was indicted by a Franklin County Grand Jury of aggravated robbery with specification, robbery, unlawful possession of

dangerous ordnance with specification, and two counts of kidnapping with specifications. Trial was scheduled for July 15, 1996. According to petitioner's memorandum opposing the motion to dismiss, the general division granted his motion to stay proceedings pending resolution of this habeas corpus action.

Petitioner argues that because the general division of the court of common pleas lacks jurisdiction over him, he is being illegally detained. To support the argument that the general division lacks jurisdiction, petitioner's amended petition asserts six causes of action: (1) R.C. 2151.26, on its face and as applied, violates principles of due process; (2) R.C. 2151.26 violates Section 5(B), Article IV, Ohio Constitution; (3) R.C. 2151.26 violates the doctrine of separation of powers because it constitutes an effort by the legislature to usurp juvenile courts' authority to determine amenability to rehabilitation; (4) the state presented insufficient evidence that petitioner used, indicated use, or brandished a firearm to facilitate the offenses as charged under R.C. 2151.26(B)(4)(b); (5) R.C. 2151.26 violates the doctrine of separation of powers by giving prosecutors judicial powers; and (6) R.C. 2151.26 violates principles of equal protection.

We deem respondent's motion to be a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. In considering a Civ.R. 12(B)(6) motion, courts must presume that all factual allegations in the complaint are true and must construe all inferences that may be reasonably drawn therefrom in favor of the nonmoving party; the motion may be granted only if there is no possible theory upon which the plaintiff may recover. *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 667, 653 N.E.2d 1186, 1187–1188; *State ex rel. Jennings v. Nurre* (1995), 72 Ohio St.3d 596, 597, 651 N.E.2d 1006, 1007.

■ The existence of the juvenile court and the scope of its jurisdiction are subject to the authority and discretion of the General Assembly:

"(A) There shall be a court of common pleas and such divisions thereof as may be established by law * * *.

"(B) The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." Sections 4(A) and (B), Article IV, Ohio Constitution.

The General Assembly has exercised this authority, establishing the juvenile court and specifically defining the scope of its jurisdiction:

"The juvenile court is a court of record and within the division of domestic relations or probate of the court of common pleas, except that the juvenile courts of Cuyahoga county and Hamilton county shall be separate divisions of the court of common pleas. The juvenile court has and shall exercise the powers and jurisdiction conferred in sections 2151.01 to 2151.99 of the Revised Code." R.C. 2151.07.

R.C. 2151.23(A) specifies the juvenile court's jurisdiction:

"(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:

"(1) Concerning any child who on or about the date specified in the complaint is alleged to be a juvenile traffic offender, or a delinquent, unruly, abused, neglected, or dependent child * * *."

"Child" generally means a person under eighteen years of age.[1] "Delinquent child" includes "[a]ny child who violates any law of this state or the United States, or any ordinance or regulation of a political subdivision of the state, that would be a crime if committed by an adult, except as provided in section 2151.021 of the Revised Code." R.C. 2151.02(A).

Although under R.C. 2151.23(A) the general rule is that the juvenile court has exclusive jurisdiction concerning any child alleged to be a delinquent, R.C. 2151.26 sets forth an exception in the form of rules for the juvenile court's relinquishment of jurisdiction and transfer of the case for purpose of criminal prosecution, often referred to as "bindover." *State v. Wilson* (1995), 73 Ohio St.3d 40, 43, 652 N.E.2d 196, 198–199. In certain situations described in R.C. 2151.26, bindover is mandatory rather than discretionary. R.C. 2151.26 was amended effective January 1, 1996[2] so as to significantly increase the number of situations in which bindover is mandatory upon a finding of probable cause. At the time of the alleged act and at the time the complaint was filed against petitioner in the juvenile court, R.C. 2151.26(B) provided:

"After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, *the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or*

---

**1.** Former R.C. 2151.011(B)(1)(a), effective January 1 through June 30, 1996, and applicable in this case, provides:

" 'Child' means a person who is under eighteen years of age, except that any person who violates a federal or state law or municipal ordinance prior to attaining eighteen years of age shall be deemed a 'child' irrespective of that person's age at the time the complaint is filed or the hearing on the complaint is held and except that any person whose case is transferred for criminal prosecution pursuant to division (B) or (C) of section 2151.26 of the Revised Code and subsequently is convicted in that case shall after the transfer be deemed not to be a child in any of the following cases:

"(i) The transferred case;

"(ii) A case in which the person is alleged to have committed prior to the transfer an act that would be an offense if committed by an adult;

"(iii) A case in which the person is alleged to have committed subsequent to the transfer an act that would be an offense if committed by an adult."

This provision was amended effective July 1, 1996 by Am.Sub.S.B. No. 2.

**2.** R.C. 2151.26(B) was amended again effective July 1, 1996, by Am.Sub.S.B. No. 2.

*older at the time of the act charged, if there is probable cause to believe that the child committed the act charged, and if one or more of the following applies to the child:*

"(1) A complaint previously was filed in a juvenile court alleging that the child was a delinquent child for committing an act that would be an offense if committed by an adult, the juvenile court transferred the case pursuant to division (B) or (C) of this section for criminal prosecution to the appropriate court having jurisdiction of the offense, and the child pleaded guilty to or was convicted of a felony in that case.

"(2) The child is domiciled in another state, and, if the act charged had been committed in that other state, the child would be subject to criminal prosecution as an adult under the law of that other state without the need for a transfer of jurisdiction from a juvenile, family, or similar noncriminal court to a criminal court.

"(3) The child is charged with an act that is a category one offense, and either or both of the following apply to the child:

"(a) The child was sixteen years of age or older at the time of the act charged.

"(b) The child previously was adjudicated a delinquent child for committing an act that is a category one offense or a category two offense and was committed to the legal custody of the department of youth services upon the basis of that adjudication.

"(4) *The child is charged with an act, other than a violation of section 2905.01 of the Revised Code, that is a category two offense and was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply to the child:*

"(a) The child previously was adjudicated a delinquent child for committing an act that is a category one offense or a category two offense and was committed to the legal custody of the department of youth services upon the basis of that adjudication.

"(b) *The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.*" (Emphasis added.)

██ Petitioner, born August 25, 1978, was age seventeen years, four months at the time of the acts charged. The juvenile court relinquished jurisdiction and transferred the case to the general division pursuant to R.C. 2151.26(B)(4)(b). Petitioner's primary argument is that this statutory provision for mandatory

bindover is unconstitutional and that because it is unconstitutional, his bindover was improper and the general division never obtained jurisdiction over him.

Respondent's first argument in support of the motion to dismiss is that habeas corpus is not a proper remedy in this case.

■ The Ohio Supreme Court "has generally limited issuance of the writ [of habeas corpus] so as to preclude review of nonjurisdictional issues." *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29.

■ "Where a person restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of a judgment or order of a court of record, and the court or magistrate had jurisdiction to issue the process, render the judgment or make the order, a discharge from custody by the writ of habeas corpus will not be allowed. Such person has an adequate remedy at law by way of review on appeal." *In re Burson* (1949), 152 Ohio St. 375, 40 O.O. 391, 89 N.E.2d 651, paragraph four of the syllabus; see *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 4 O.O.3d 485, 364 N.E.2d 286.

The threshold issue in this case, therefore, is whether the petition raises a jurisdictional issue. In one sense, the jurisdiction of the general division over petitioner's case cannot be questioned, in that petitioner does not dispute that the juvenile court correctly applied R.C. 2151.26 to transfer the case to the general division, which then assumed jurisdiction over the case, including the power to detain petitioner. Petitioner argues, however, that because R.C. 2151.26 is unconstitutional, the bindover was null and void, leaving the juvenile court with exclusive jurisdiction over him and rendering his continued detention upon order of the general division unlawful.

In the three cases upon which petitioner relies primarily, the Supreme Court recognized claims in habeas corpus, but the claims differed from petitioner's claim in that they alleged noncompliance with the bindover procedure and were brought after conviction. In *State v. Wilson* (1995), 73 Ohio St.3d 40, 652 N.E.2d 196, and *State ex rel. Harris v. Anderson* (1996), 76 Ohio St.3d 193, 667 N.E.2d 1, the court recognized claims in habeas corpus alleging that the courts of common pleas lacked jurisdiction when they entered judgment on the petitioners' convictions because the petitioners had never been bound over from the juvenile court. In *Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 656 N.E.2d 1282, the court recognized a claim in habeas corpus alleging that the court of common pleas lacked jurisdiction when it entered judgment on the petitioner's conviction because the juvenile court had failed to follow bindover procedures. The petitioner in *Gaskins* alleged that he had not received a mental and physical examination as required by R.C. 2151.26 and did not have counsel at a juvenile

court hearing as required by Juv.R. 3. The Supreme Court reversed the court of appeals' denial of a writ of habeas corpus.[3]

These three cases are based on the first paragraph of the syllabus of *Wilson,* which states: "Absent a proper bindover procedure pursuant to R.C. 2151.26, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent." Petitioner does not allege a failure to follow the bindover procedure. Rather, petitioner has brought this complaint in habeas corpus to attack the constitutionality of the bindover procedure itself and has done so prior to any conviction. We are unaware of any case in which a challenge to the bindover statute at this stage of the proceedings was recognized as stating a claim in habeas corpus.

The most authoritative precedent is *State ex rel. Torres v. Simmons* (1981), 68 Ohio St.2d 118, 22 O.O.3d 340, 428 N.E.2d 862. In *Torres,* the petitioner filed a complaint in prohibition immediately after the bindover, seeking to prevent the trial division from trying him. The petitioner argued that the extraordinary writ was the appropriate remedy "because the order transferring jurisdiction to the 'adult division' is facially invalid and, thus, ineffective to vest jurisdiction in such court." *Id.* at 119, 22 O.O.3d at 340–341, 428 N.E.2d at 863. The Supreme Court affirmed the court of appeals' dismissal of the complaint, stating: "We have held that 'any error complained of [in a transfer order] must be raised in an appeal from the judgment of the Court of Common Pleas.'" *Id.* (quoting *In re Becker* [1974], 39 Ohio St.2d 84, 87, 68 O.O.2d 50, 52, 314 N.E.2d 158, 159–160). Like the petitioner in *Torres,* petitioner here is challenging the bindover as ineffective to vest jurisdiction in the general division and is doing so prior to any conviction. Under such circumstances, neither prohibition nor habeas corpus will lie.

Our decision is also supported by the line of Supreme Court cases consisting of *Yutze v. Copelan* (1923), 109 Ohio St. 171, 142 N.E. 33, *Calhoun v. Russell* (1950), 154 Ohio St. 81, 42 O.O. 150, 93 N.E.2d 561, and *Ex parte Womack* (1960), 171 Ohio St. 392, 14 O.O.2d 150, 171 N.E.2d 514. In these three cases, the Supreme Court held that a writ of habeas corpus will not lie to challenge the constitutionality of a statute under which the petitioner was convicted:

"A writ of *habeas corpus* will not lie, to test the constitutionality of a statute or ordinance, in favor of one who has been convicted, where the criminal court wherein conviction was obtained had jurisdiction or power to determine the question of constitutionality. In such case the writ cannot be made a substitute for proceedings in error." *Yutze, supra,* syllabus.

---

3. On remand, the court of appeals found that the court of common pleas had complied with the bindover procedures, and the Supreme Court affirmed. See *Gaskins, v. Shiplevy* (1996), 76 Ohio St.3d 380, 667 N.E.2d 1194.

██ There is a point of distinction between these three cases and this case in that the petitioners in the three precedents were not challenging the jurisdiction of the courts to determine the constitutional question. Here, in contrast, petitioner is challenging *in toto* the general division's jurisdiction, on the theory that the statutory grant of jurisdiction is itself unconstitutional. This distinction does not warrant a different result, however. A court has the jurisdiction to determine its own jurisdiction. See *Torres, supra,* 68 Ohio St.2d at 119, 22 O.O.3d at 340, 428 N.E.2d at 863, fn. The fact that petitioner's constitutional challenge attacks the statutory grant of jurisdiction rather than the criminal statute does not implicate any policies different from those underlying the decisions in *Yutze, Calhoun, Womack, Becker,* or *Torres.* We find petitioner's argument, like the argument made by the appellant in *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, to be an attempt to avoid "the orderly procedure of this state's courts," *id.* at 121, 22 OBR at 200–201, 489 N.E.2d at 278, by portraying a challenge to the constitutionality of a statute as a jurisdictional challenge.

The Supreme Court has "implicitly recognized that in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, habeas corpus will lie notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, *e.g.,* appeal or postconviction relief." *Pirman, supra,* 69 Ohio St.3d at 593, 635 N.E.2d at 29. Petitioner has an adequate remedy at law in the form of appeal following any conviction. We must allow the trial court to hear the cause, including any constitutional attacks, after which petitioner may appeal under the usual orderly procedure of the courts.

For these reasons, respondent's motion to dismiss the petition for writ of habeas corpus is granted.

*Motion to dismiss granted.*

BRYANT, J., concurs.

TYACK, J., dissents.

TYACK, Judge, dissenting.

Since I believe that the petition states a claim for which relief can be granted in habeas corpus, I would overrule the motion to dismiss. I, therefore, respectfully dissent.

Specifically, I believe that the recent case of *State ex rel. Harris v. Anderson* (1996), 76 Ohio St.3d 193, 667 N.E.2d 1, indicates that defects in the bindover proceedings can be litigated as an action in habeas corpus.

Again, I respectfully dissent.