THE STATE EX REL. COTTON, APPELLANT, *v.* GHEE, CHAIR,
OHIO ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *State ex rel. Cotton v. Ghee* (1998), 84 Ohio St.3d 54.]

(No. 98–1165—Submitted September 28, 1998—Decided December 2; 1998.)

*Milton Cotton, pro se.*

*Betty D. Montgomery,* Attorney General, and *Brian M. Zets,* Assistant Attorney General, for appellee.

*Per Curiam.* Cotton asserts in his various propositions of law that the court of appeals erred in denying the writ and in refusing to grant his Civ.R. 60(B) motion for relief from judgment. For the following reasons, however, we reject Cotton's contentions and affirm the judgment of the court of appeals.

First, Cotton is not entitled to a second parole hearing for appellee to consider whether he should be paroled due to the vacated conviction. The APA already held a hearing in 1990 at which it considered the court of appeals' vacation of his 1988 conviction and ultimately decided to reparole him. Mandamus will not issue to compel a vain act. *State ex rel. Thomas v. Ghee* (1998), 81 Ohio St.3d 191, 192, 690 N.E.2d 6, 7.

Second, Cotton is not entitled to have appellee journalize the court of appeals' mandate in the vacated case. Appellee has no duty to journalize court entries, and the appellee's records establish that the APA considered the mandate in its 1990 decision to reparole Cotton. In addition, the court of appeals has already journalized its mandate. See *State ex rel. Cotton v. Griffin* (1998), 81 Ohio St.3d 105, 106, 689 N.E.2d 560, 561.

Finally, Cotton cannot establish that the court of appeals erred in not granting his Civ.R. 60(B) motion for relief from judgment. Nothing in the record demonstrates that the court of appeals ruled on this motion. Appellee also did not attach a copy of this entry to his brief or supplement. We cannot add matter to the record before us and decide this appeal based upon that new matter.

*Barnett v. Ohio Adult Parole Auth.* (1998), 81 Ohio St.3d 385, 387, 692 N.E.2d 135, 137. Moreover, the court of appeals lacked jurisdiction to rule on this motion once Cotton filed this appeal. *Daloia v. Franciscan Health Sys. of Cent. Ohio, Inc.* (1997), 79 Ohio St.3d 98, 101, 679 N.E.2d 1084, 1088, fn. 5, citing *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 146, 637 N.E.2d 890, 895. Cotton's claim of error relating to his Civ.R. 60(B) motion is therefore premature.

Based on the foregoing, the court of appeals properly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.