**[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 54.]**

THE STATE EX REL. COTTON, APPELLANT, *v.* GHEE, CHAIR, OHIO ADULT
PAROLE AUTHORITY, APPELLEE.

[Cite as *State ex rel. Cotton v. Ghee*, 1998-Ohio-679.]

*Mandamus to compel Chair of Ohio Adult Parole Authority to provide relator*
*with a second parole hearing at which she would consider whether relator*
*should be paroled due to a vacated conviction—Writ denied, when.*

(No. 98-1165—Submitted September 28, 1998—Decided December 2, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD06-798.

————————————

{¶ 1} Appellant, Milton Cotton, was convicted of several offenses, including aggravated robbery, kidnapping, felonious assault, receiving stolen property, and grand theft, and was sentenced to prison. In August 1987, Cotton was released from prison on parole. One month later, he was arrested on a charge of receiving stolen property. In 1988, Cotton was convicted of receiving stolen property and sentenced to a prison term of two to ten years. The Adult Parole Authority ("APA") revoked Cotton's parole based on his new conviction.

{¶ 2} In April 1990, the court of appeals reversed Cotton's 1988 conviction of receiving stolen property and discharged him from that conviction and sentence. *State v. Cotton* (Apr. 12, 1990), Cuyahoga App. No. 56775, unreported, 1990 WL 43658. In June 1990, the APA held a hearing to consider the court of appeals' vacation of Cotton's conviction of receiving stolen property. The APA decided to restore Cotton's parole effective July 13. Following his reparole, Cotton was convicted and sentenced for several new crimes, including receiving stolen property, possession of criminal tools, drug trafficking, and grand theft.

{¶ 3} In 1997, Cotton filed a complaint in the court of appeals for a writ of mandamus to compel appellee, APA Chair Margarette T. Ghee, to provide him with

a parole revocation hearing based on the 1990 reversal and vacation of his conviction of receiving stolen property and to journalize the court of appeals' mandate in the vacated case. The court of appeals denied the writ. Cotton then filed a Civ.R. 60(B) motion for relief from judgment, but before the court of appeals could rule on it, he appealed the judgment denying the writ.

{¶ 4} This cause is now before this court upon an appeal as of right.

_____

*Milton Cotton*, *pro se*.

*Betty D. Montgomery*, Attorney General, and *Brian M. Zets*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 5} Cotton asserts in his various propositions of law that the court of appeals erred in denying the writ and in refusing to grant his Civ.R. 60(B) motion for relief from judgment. For the following reasons, however, we reject Cotton's contentions and affirm the judgment of the court of appeals.

{¶ 6} First, Cotton is not entitled to a second parole hearing for appellee to consider whether he should be paroled due to the vacated conviction. The APA already held a hearing in 1990 at which it considered the court of appeals' vacation of his 1988 conviction and ultimately decided to reparole him. Mandamus will not issue to compel a vain act. *State ex rel. Thomas v. Ghee* (1998), 81 Ohio St.3d 191, 192, 690 N.E.2d 6, 7.

{¶ 7} Second, Cotton is not entitled to have appellee journalize the court of appeals' mandate in the vacated case. Appellee has no duty to journalize court entries, and the appellee's records establish that the APA considered the mandate in its 1990 decision to reparole Cotton. In addition, the court of appeals has already journalized its mandate. See *State ex rel. Cotton v. Griffin* (1998), 81 Ohio St.3d 105, 106, 689 N.E.2d 560, 561.

{¶ 8} Finally, Cotton cannot establish that the court of appeals erred in not granting his Civ.R. 60(B) motion for relief from judgment. Nothing in the record demonstrates that the court of appeals ruled on this motion. Appellee also did not attach a copy of this entry to his brief or supplement. We cannot add matter to the record before us and decide this appeal based upon that new matter. *Barnett v. Ohio Adult Parole Auth.* (1998), 81 Ohio St.3d 385, 387, 692 N.E.2d 135, 137. Moreover, the court of appeals lacked jurisdiction to rule on this motion once Cotton filed this appeal. *Daloia v. Franciscan Health Sys. of Cent. Ohio, Inc.* (1997), 79 Ohio St.3d 98, 101, 679 N.E.2d 1084, 1088, fn. 5, citing *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 146, 637 N.E.2d 890, 895. Cotton's claim of error relating to his Civ.R. 60(B) motion is therefore premature.

{¶ 9} Based on the foregoing, the court of appeals properly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————