[Cite as *State ex rel. McCuller v. Calabrese*, 2011-Ohio-3992.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96764**

# STATE OF OHIO EX REL.
# CHARLES D. MCCULLER

RELATOR

vs.

# HONORABLE DEENA R. CALABRESE

RESPONDENT

## JUDGMENT:
## WRITS DENIED

Writs of Mandamus and Prohibition
Motion No.   444843
Order No.   446548

**RELEASE DATE:**   August 5, 2011

**FOR RELATOR:**

Charles McCuller, pro se
Inmate #482-821
Allen Correctional Instiute
P.O. Box 4501
Lima, Ohio   45802


**ATTORNEYS FOR RESPONDENT:**

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


KENNETH A. ROCCO, P.J.:

{¶ 1} On May 6, 2011, the relator, Charles McCuller,   commenced this mandamus and prohibition action against the respondent, Judge Deena Calabrese, to prevent the continued use and correct the results of unauthorized jurisdiction in the underlying cases, *State of Ohio v. Charles McCuller,* Cuyahoga Common Pleas Court Case Nos. CR-49139 and 52011.   McCuller maintains that in the underlying cases, the juvenile court did not bind him over to the common pleas court for further prosecution, and thus, those cases are void ab initio. On May 26, 2011, the respondent, through the

Cuyahoga County Prosecutor, moved for summary judgment; attached as exhibits to this motion are copies of the docket from the underlying cases showing that the juvenile court did bind him over in the underlying cases. McCuller filed a brief in opposition on July 25, 2011. For the following reasons, this court grants the respondent's motion for summary judgment and denies the complaint for writs of mandamus and prohibition.

{¶ 2} Charles McCuller was born on April 2, 1962; thus, he would turn 18 in April 1980. In June 1979, McCuller faced multiple charges of juvenile delinquency. In Cuyahoga County Juvenile Court Case No. 7906998 McCuller was charged with (1) breaking and entering/trespass and (2) possession of criminal tools. This case later became Cuyahoga County Court of Common Pleas Case No. CR-49139. In Cuyahoga County Juvenile Court Case No. 7909646 McCuller was accused of kidnapping and rape. This case became Cuyahoga County Common Pleas Court Case No. 52011. Similarly, other juvenile court cases became Cuyahoga County Court of Common Pleas Case Nos. CR-48919 and CR-48254.[1]

{¶ 3} McCuller attaches the front pages of the dockets from the four criminal court of common pleas cases. The front pages for Case Nos. CR-48254 and CR-48919 include the notation "INDICTED BINDOVER." The front pages for Case Nos. CR-49139 and CR-52011 include the notation "INDICTED ORIGINAL." From these

---

[1] From the materials presented by the parties, this court cannot determine with certainty which of McCuller's other juvenile cases align with the common pleas court cases. Fortunately, such information is not necessary to the determination of this writ action.

notations McCuller infers that the juvenile court did not make the necessary bindover findings pursuant to then R.C. 2151.26[2] and Juv.R. 30 for those two cases. McCuller continues that without those necessary findings, the common pleas court would be without jurisdiction to hear the cases, and the writs of mandamus and prohibition would lie to prevent any further actions on those cases and to correct the results of the unauthorized exercise of jurisdiction.

{¶ 4} The respondent judge moved for summary judgment. Attached to this motion are copies, certified by the juvenile court's deputy clerk, of the relevant docket entries for the two subject cases. These docket entries show that the juvenile court made the necessary findings pursuant to the bindover statute and ruled that McCuller was 17 years-old, that there was probable cause to believe that he had committed the charged offenses that would be felonies if committed by an adult, that he was not amenable to rehabilitation, and that the safety of the community required that he be placed under legal restraint including, if necessary, for a period extending beyond his majority. Finally, in both cases the juvenile court ruled that McCuller be bound over for further proceedings.

{¶ 5} In *Harless v. Willis Day Warehouse Company, Inc.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, the Supreme Court of Ohio stated the appropriate standard for granting summary judgment: "Appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact;

---

[2] The bindover statute is now R.C. 2152.12.

(2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Furthermore, when a motion for summary judgment is made, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts establishing the existence of a genuine triable issue. *State ex rel. Flagner v. Arko*, 83 Ohio St.3d 176, 177, 1998-Ohio-127, 699 N.E.2d 62.

{¶ 6} In the present case the judge's exhibits establish that the requisites of the statute and the rule were fulfilled and that McCuller was bound over. McCuller's claim is factually unfounded. Significantly, McCuller's Loc.App.R. 45 supporting affidavit in substance stated only the following: "I am seeking an original action in Mandamus and Prohibition to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictional unauthorized actions." He does not swear that for the two subject cases there were no bindover hearings and no findings of probable cause. Thus, his writ action fails because it is factually unfounded.

{¶ 7} Moreover, the principles of mandamus and prohibition are well established. For mandamus (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118,

515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and *State ex rel. Pressley v. Industrial Commission of Ohio* (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. If the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108 and *State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County* (1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Similarly, for prohibition (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher* (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. *State ex rel. Lesher v. Kainrad* (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 854, 102 S.Ct. 300, 70 L.Ed.2d 147; Cf. *State ex rel. Sibarco Corp. v. City of Berea* (1966), 7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957, 87 S.Ct. 1022, 18 L.Ed.2d 104.

{¶ 8} Generally, any error complained of in a bindover order must be raised on appeal from the judgment of the common pleas court. Thus, McCuller's writ action is also barred because he has or had an adequate remedy at law. *State ex rel. Torres v. Simmons* (1981), 68 Ohio St.3d 118, 428 N.E.2d 862; *State ex rel. Wehrung v. Kinklacker*

(Oct. 13, 2000), Hamilton App. No. C-000449; and *State ex rel. Campbell v. Carroll*, Cuyahoga App. No. 81615, 2003-Ohio-181.

{¶ 9}  The court further notes that the charges in Case No. CR-49139 were nolled. It is difficult to see how any meaningful relief could be granted in that case.   A writ will not issue to compel a vain act. *State ex rel. Cotton v. Ghee,* 84 Ohio St.3d 54, 1998-Ohio-679, 701 N.E.2d 989; and *State ex rel. Thomas v. Ghee*, 81 Ohio St.3d 191, 1998-Ohio-461, 690 N.E.2d 6.

{¶ 10} Accordingly, this court grants the respondent's motion for summary judgment and denies the complaint for writs of mandamus and prohibition. Costs assessed against the relator.   This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writs denied.


_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH and
EILEEN A. GALLAGHER, J., CONCUR