[Cite as *State ex rel. Haines v. Sutula*, 2012-Ohio-1206.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97711**

# STATE OF OHIO, EX REL., ANDREW HAINES

RELATOR

vs.

# HONORABLE JOHN SUTULA

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion No. 451162
Order No. 453034

**RELEASE DATE:**  March 20, 2012

**FOR RELATOR**

Andrew Haines, pro se
Inmate No. 583-246
Oakwood Correctional Facility
3200 North West Avenue
Lima, OH   45801

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

KATHLEEN ANN KEOUGH, J.:

{¶1} On December 15, 2011, the relator, Andrew Haines, commenced this mandamus action against the respondent, Judge John Sutula. Haines seeks to compel the judge to rule on and issue findings of fact and conclusions of law for a "Motion to compel the Cuyahoga County Sheriff's Department and the Ohio Department of Rehabilitation and Correction to correct and credit jail time credit days to the defendant's sentence" which he filed in the underlying cases on August 15, 2011.[1] The respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment on January 10, 2012. Haines never filed a reply. For the following reasons, this court grants the motion for summary judgment and denies the writ.

{¶2} In April 2010, after repeated violations of community control sanctions, the respondent judge sentenced Haines to a total of four years in prison for the six underlying cases. On June 3, 2010, Haines filed a motion for jail time credit which the judge granted on March 9, 2011, by crediting Haines a total of 555 days.[2]

{¶3} On April 8, 2011, Haines filed a motion for additional jail time credit in all the underlying cases, and the judge on April 18, 2011, granted the motion and ordered the

---

[1]The underlying cases are *State v. Andrew Haines*, Cuyahoga Cty. Common Pleas Court Case Nos. CR-484358, CR-490550, CR-482605, CR-480823, CR-520884, and CR-525108.

[2]Haines did not file a motion for jail time credit in Case No. CR-490550, and the judge did not order jail time credit for this case at that time.

sheriff to calculate the time and forward the information to the institution.[3]   Apparently, there was no further reduction in Haines's sentence, and on August 18, 2011, he filed the subject motion to have the judge compel the Sheriff and the prison to make the additional credit.   Haines filed another motion for jail time credit on December 12, 2011.   Haines commenced the instant mandamus action on December 15, 2011 to compel a ruling on the subject motion along with findings of fact and conclusions of law.

{¶4} On December 21, 2011, the judge issued the following order in five of the underlying cases:   "Defendant's motions for additional jail-time credit filed April 8, 2011 and December 12, 2011 are denied.   Defendant was granted jail-time credit in this case by journal entry issued March 11, 2011.   The journal entry issued by the court on April 18, 2011 is vacated."   In Case No. CR-490550 he ordered as follows: "Defendant's motions for additional jail-time credit filed April 8, 2011 and December 12, 2011 are granted in part and denied in part, Defendant is granted 90 days of jail-time credit."

{¶5} The requisites for mandamus are well established:   (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is

---

[3]The judge issued this order in the first five underlying cases on April 18, 2011.   In Case No. CR-525109, he issued the order on July 13, 2011.

grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. No. 67787 (Sept. 26, 1994). Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser* , 50 Ohio St.2d 165, 364 N.E.2d 1 (1977). Additionally, the court has discretion in issuing the writ. In *Pressley*, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." Mandamus does not lie to compel a vain act. *State ex rel. Cotton v. Ghee,* 84 Ohio St.3d 54, 1998-Ohio-679, 701 N.E.2d 989.

{¶6} In the instant case the judge's December 21, 2011 orders render the subject motion moot and constitute a denial. By resolving the jail time credit issue and by vacating the April 18, 2011 order which preceded and at least partially precipitated the subject motion, the judge obviated the need for the motion, if he did not rule on it directly. To compel a direct ruling on the subject motion would be a vain act.

{¶7} Moreover, to the extent that the December 21, 2011 orders are not findings of fact and conclusions of law for the subject motion, Haines is not entitled to have the

respondent issue findings of fact and conclusions of law for such a motion. *State ex rel. Jefferson v. Russo*, 8th Dist. No. 90682, 2008-Ohio-135.

Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus.

{¶8} Writ denied.

{¶9} This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Relator to pay costs.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR