[Cite as *State ex rel. El v. Butler*, 2012-Ohio-3969.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98419

## S/O EX REL., AMUN HONDO EL,
## a.k.a. MARIO HERRING

RELATOR

vs.

## COURT OF COMMON PLEAS JUDGE
## ANNETTE BUTLER, ET AL.

RESPONDENTS

### JUDGMENT:
### WRIT DENIED

Writ of Mandamus
Motion No. 456581
Order No. 457606

**RELEASE DATE:**   August 29, 2012

**FOR RELATOR**

Amun Hondo El
C/O Mario Herring #593-580
Belmont Correctional Institution
P.O. Box 540
68518 Bannock Road
St. Clairsville, Ohio 43950

**ATTORNEYS FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor
James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1} On May 31, 2012, the relator, Amun Hondo El, a.k.a. Mario Herring, commenced this mandamus action against the respondents, Judge Annette G. Butler and Assistant Prosecuting Attorney Norm Schroth.[1] The relator seeks to compel Schroth to respond to his motions to release property and to compel both of the respondents "to lift the hold on relator's seized property to wit motor vehicle and send the court order to relator so that he can obtain his seized property from the county impound lot." (Complaint — demand for judgment.) On July 5, 2012, the respondents moved for summary judgment on the grounds of mootness. The relator did not file a response. For the following reasons, this court grants the respondents' motion for summary judgment.

{¶2} The relator alleges that the police seized his motor vehicle on February 6, 2008. In the underlying case, *State v. Herring*, Cuyahoga C.P. No. CR-508614, in November 2010, the relator pleaded guilty to attempted tampering with evidence, assault of a police officer, and trafficking, and the trial court sentenced him to two years in prison.

---

[1] The relator originally named former Judge Timothy McGinty as a respondent. However, Judge Butler has succeeded to Judge McGinty's position, and this court previously ordered her substitution as a respondent. *See* App.R. 29(C)(1).

On March 9, 2011, the relator filed a demand for the release of his motor vehicle. In early April 2011, the trial court referred the matter to Schroth for a response. When nothing else was done, the relator commenced this mandamus action.

{¶3} On June 26, 2012, Schroth filed a response in the underlying case, a certified copy of which is attached to the motion for summary judgment. This response states that the state of Ohio did not oppose the release of the automobile. Indeed, on January 27, 2011, the Cleveland Police released the vehicle, and it was available or pick up. Police policy is to store the vehicle for 21 days while awaiting retrieval. When the car was not retrieved within that period, the car was destroyed on March 25, 2011. In a July 3, 2012 journal entry, a certified copy of which is attached to the summary judgment motion, Judge Butler denied the relator's motion for release of his motor vehicle; she noted that the vehicle was destroyed and no longer exists.

{¶4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Moreover, mandamus will not issue to compel a vain act. *State ex rel. Cotton v. Ghee*, 84 Ohio St.3d 54, 1998-Ohio-679, 701 N.E.2d 989.

{¶5} In the present case, the respondents have fulfilled their duties. Schroth

responded to the relator's motion, and the judge ruled on that motion. To the extent that the relator sought to compel the judge to grant his motion, mandamus would not lie. Such a ruling would control judicial discretion, and mandamus may not issue for that purpose. Furthermore, because the car was destroyed, issuing a mandamus to release the car would be a vain act. Accordingly, this mandamus action is moot.

{¶6} Additionally, under Loc.App.R. 45, a relator must support his complaint with an affidavit specifying the details of the claim. R.C. 2969.25 requires prisoners to attach affidavits listing lawsuits they have filed for the last five years and to attach poverty affidavits with a prison cashier's statement. The relator in this case tried to submit those affidavits, but they were not notarized. Thus, they are ineffective, and the court denies the writ on the grounds of procedural deficiencies. *Chari v. Vore,* 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763.

{¶7} Accordingly, this court grants the respondents' motion for summary judgment and denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶8} Writ denied.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR