[Cite as *State ex rel. McCuller v. Common Pleas Court Juvenile Div.*, 2013-Ohio-4929.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100143**

## STATE OF OHIO, EX REL.
## CHARLES McCULLER

RELATOR

vs.

## COMMON PLEAS COURT,
## JUVENILE DIVISION

RESPONDENT

## JUDGMENT:
WRIT DENIED

Writ of Procedendo/Mandamus
Motion No. 468492
Order No. 468932

**RELEASE DATE:** November 1, 2013

**FOR RELATOR**

Charles D. McCuller, pro se
Inmate No. 482-821
Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, Ohio   44044

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Charles D. McCuller has filed a complaint for a writ of procedendo/mandamus. McCuller seeks an order from this court that requires the Cuyahoga County Juvenile Court ("Juvenile Court") "to issue a final order, or proceed to judgment in" Juvenile Court Case Nos. DL-79106998, DL-79109498, DL-79100442, DL-79105098, and DL-79109646. Specifically, McCuller argues that the Juvenile Court, with regard to bindover order rendered in the aforesaid five juvenile cases, failed to sign the orders and the clerk of the Juvenile Court failed to journalize the bindover orders required by Crim.R. 32 and Civ.R. 58. For the following reasons, we grant the Juvenile Court's motion for summary judgment and decline to issue a writ of procedendo/mandamus on behalf of McCuller.

## Procedural and Factual Background

A. Case No. DL-79100442

{¶2} On April 17, 1979, McCuller was charged in Juvenile Court with one count of attempted rape and one count of felonious assault. On June 1, 1979, the Juvenile Court conducted a bindover hearing and transferred the case to the Cuyahoga County Court of Common Pleas. On July 26, 1979, McCuller was indicted by the grand jury of Cuyahoga County for one count of attempted rape and one count of felonious assault. On January 11, 1980, McCuller pled guilty to the indictment. On February 15, 1980, McCuller was sentenced to a term of incarceration of five years to 15 years.

B. Case No. DL-79105098

{¶3}   On June 27, 1979, McCuller was charged in Juvenile Court with one count of rape.   On July 9, 1979, the Juvenile Court conducted a bindover hearing and transferred the case to the Cuyahoga County Court of Common Pleas.   On August 14, 1979, McCuller was indicted by the grand jury of Cuyahoga County for one count of rape.   On January 11, 1980, McCuller pled guilty to the indictment.   On February 15, 1980, McCuller was sentenced to a term of incarceration of seven years to 25 years.

C. Case No. DL-79109646

{¶4}   On June 27, 1979, McCuller was charged in Juvenile Court with one count of kidnapping and one count of rape.   On July 9, 1979, the Juvenile Court conducted a bindover hearing and transferred the case to the Cuyahoga County Court of Common Pleas.   On December 5, 1979, McCuller was indicted by the grand jury of Cuyahoga County for one count of kidnapping and one count of rape.   On January 11, 1980, McCuller pled guilty to one count of rape.   The one count of kidnapping was nolled.   On February 15, 1980, McCuller was sentenced to a term of incarceration of seven years to 25 years.

D. Case No. DL-79106998

{¶5}   On May 11, 1979, McCuller was charged in Juvenile Court with one count of breaking and entering and one count of possessing criminal tools.   On June 1, 1979, the Juvenile Court conducted a bindover hearing and transferred the case to the Cuyahoga County Court of Common Pleas.   On July 26, 1979, McCuller was indicted by the grand jury of Cuyahoga County for one count of breaking and entering and one count of

possessing criminal tools. On January 11, 1980, both counts of the indictment were nolled.

E. Case No. DL-79109498

**{¶6}** On June 28, 1979, McCuller was charged in Juvenile Court with one count of breaking and entering and one count of possessing criminal tools. On July 9, 1979, the Juvenile Court conducted a bindover hearing and transferred the case to the Cuyahoga County Court of Common Pleas. The Juvenile Court, through its motion for summary judgment, posits that although Case No. DL-79109498 was bound over to the Cuyahoga County Court of Common Pleas, that no record exists to demonstrate that McCuller was indicted for the offenses of breaking and entering and possessing criminal tools. In addition, counsel for the Juvenile Court states that:

> an offender search for "Charles McCuller" on the webpage for the Ohio Department of Rehabilitation and Correction (footnote omitted) does not indicate he is serving a sentence for any of the offenses for which he was presumably bound over on or about July 9, 1979, in case number DL79109498 from Cuyahoga County Juvenile Court to the Cuyahoga County Court of Common Pleas.

**{¶7}** On July 22, 2013, McCuller filed his complaint for a writ of procedendo/mandamus, premised upon the argument that the failure of a judge of the Juvenile Court to sign each bindover order and the failure of the Juvenile Court clerk to journalize the bindover orders violated Crim.R. 32 and Civ.R. 58. McCuller argues that

> in the case at bar, it is apparent that the ultimate relief sought by relator is an order from this court requiring [the Juvenile Court] to proceed to judgment on the state's motion to relinquish jurisdiction. The unnecessary delay, of rendering a final judgment or to proceed to judgment in the current pending action without necessary delay, the relator has not been afforded his right to due process, and therefore is unable to pursue an adequate remedy in the course of the law, either through the trial court or the appellate court.

**{¶8}** On September 20, 2013, the Juvenile Court filed a motion for summary judgment with attached exhibits.

## Legal Analysis

**{¶9}** A writ of procedendo shall issue if a court has refused to render a judgment or has unnecessarily delayed in proceeding to judgment. *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270. In each of the five Juvenile Court cases, as referenced by McCuller, a judgment was rendered that directed that McCuller be bound over to the Cuyahoga County Court of Common Pleas for prosecution. The Juvenile Court has not refused to render a judgment and has not unnecessarily delayed in proceeding to judgment. *State ex rel. CNG Fin. Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, 855 N.E.2d 473; *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200.

**{¶10}** In order for this court to issue a writ of mandamus, McCuller must establish: (1) McCuller possesses a clear legal right to the requested relief; (2) the Juvenile Court possesses a clear legal duty to perform the requested relief, and (3) there exists no adequate remedy in the ordinary course of the law. In addition, although mandamus may be employed to compel a court to exercise judgment or discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631

(1967). Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994).

{¶11} In addition, if McCuller possessed an adequate remedy in the ordinary course of the law, regardless of whether the remedy was employed, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108. Moreover, mandamus is an extraordinary remedy to be exercised with great caution and granted only when the right is clear. Mandamus will not issue in doubtful cases. *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953). Furthermore, mandamus will not issue to compel a vain act. *State ex rel. Cotton v. Ghee*, 84 Ohio St.3d 54, 1998-Ohio-679, 701 N.E.2d 989.

{¶12} Moreover, this court possesses discretion in issuing a writ of mandamus. The Supreme Court of Ohio, in *Pressley*, held that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The Supreme Court of Ohio also established that in exercising its discretion, the court should consider

> the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act

by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless.

*Id.* at 161-162.

**{¶13}** Juvenile proceedings are civil rather than criminal in nature. *Cope v. Campbell*, 175 Ohio St. 475, 196 N.E.2d 457 (1964), paragraph one of the syllabus, *overruled on other grounds, In re Agler*, 19 Ohio St.2d 70, 249 N.E.2d 808. Because juvenile proceedings are civil in nature, Crim.R. 32 is not applicable to any of the judgments rendered by the Juvenile Court. We further determine that requiring the Juvenile Court to sign each judgment, which ordered McCuller be bound over to the Cuyahoga County Court of Common Pleas, and further ordering the clerk of the Juvenile Court to journalize each judgment of bindover would constitute a vain and useless act. A judgment that orders the bindover of a juvenile is not a final appealable order. *In re Becker*, 39 Ohio St.2d 84, 314 N.E.2d 158 (1974); *State ex rel. Torres v. Simmons*, 68 Ohio St.2d 118, 428 N.E.2d 862 (1981). Any error in a juvenile bindover is reviewable only upon a direct appeal following a conviction of the offense or offenses after the juvenile is bound over to the court of common pleas. *State v. Washington*, 2d Dist. Montgomery No. 20226, 2005-Ohio-6546. Granting McCuller his requested relief would not afford him his ultimate goal, that is to challenge the original judgments of bindover, but would simply lead to the further expenditure of limited judicial resources in "dead-end" litigation. *State ex rel. Newell v. Gaul*, 8th Dist. Cuyahoga No. 98326, 2012-Ohio-4068. As stated by the Supreme Court of Ohio in *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784, judicial remedies are not intended to create an

open invitation for a person sentenced to long periods of incarceration to concoct new theories in order to institute a new round of appeals. Because mandamus will not issue to compel a vain act, we decline to issue a writ of mandamus on behalf of McCuller.

{¶14} Directly related to the issue of a vain act is the fact that McCuller possessed an adequate remedy at law. Upon conviction in Cuyahoga C.P. Case Nos. CR-48254, CR-48919, CR-49139, and CR-52011, McCuller could have challenged the bindover judgments through direct appeals upon entering pleas of guilty and sentencing for the offenses of attempted rape, rape, felonious assault, kidnapping, breaking and entering, and possessing criminal tools. Because McCuller possessed an adequate remedy at law by way of appeal, he cannot establish the elements for a writ of mandamus. *State ex rel. Ervin v. Barker*, 136 Ohio St.3d 160, 2013-Ohio-3171, 991 N.E.2d 1146; *State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192; *State ex rel. Cunningham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393.

{¶15} The doctrine of res judicata also prevents this court from issuing a writ of procedendo/mandamus on behalf of McCuller. Res judicata involves the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226. Claim preclusion prevents subsequent litigation, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a prior action. *Fort Frye Teachers Assn. v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 1998-Ohio-435, 692 N.E.2d 140. Claim

preclusion also bars subsequent actions on the same claim, where a claim could have been litigated in the prior action.  *Grava*, *supra*.

{¶16} Issue preclusion, however, serves to prevent relitigation of any fact or point of law that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies.  *Fort Frye*, *supra*.  Issue preclusion applies even if the causes of action are different.  *Id*.  Herein, the issue of McCuller's bindover from the Juvenile Court to the common pleas court was raised and addressed through a prior legal action.

{¶17} In *State ex rel. McCuller v. Calabrese*, 8th Dist. Cuyahoga No. 96764, 2011-Ohio-3992, McCuller commenced an action in mandamus and prohibition arguing that the Juvenile Court did not properly bind him over to the common pleas court for further prosecution as an adult, and thus, the criminal cases were void ab initio.  This court determined that the bindover to the common pleas court was proper.

> The respondent judge moved for summary judgment.  Attached to this motion are copies, certified by the juvenile court's deputy clerk, of the relevant docket entries * * *.  These docket entries show that the juvenile court made the necessary findings pursuant to the bindover statute and ruled that McCuller was 17 years-old, that there was probable cause to believe that he had committed the charged offenses that would be felonies if committed by an adult, that he was not amenable to rehabilitation, and that the safety of the community required that he be placed under legal restraint including, if necessary, for a period extending beyond his majority. Finally, * * * the juvenile court ruled that McCuller be bound over for further proceedings.
>
> * * *
>
> Generally, any error complained of in a bindover order must be raised on appeal from the judgment of the common pleas court.  Thus, McCuller's

> writ action is also barred because he has or had an adequate remedy at law. (Citations omitted.)
>
> The court further notes that the charges in Case No. CR-49139 were nolled. It is difficult to see how any meaningful relief could be granted in that case. A writ will not issue to compel a vain act. (Citations omitted.)

*Id*. at 3.

{¶18} Since the issue of a proper bindover was previously determined by a court of competent jurisdiction in a previous action between the same parties, McCuller and the state of Ohio, we find that issue preclusion prevents relitigation of the issue of a proper bindover, and thus precludes the granting of a writ of procedendo/mandamus. *Onesti v. Debartolo Realty Corp,* 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803.

{¶19} Finally, we must determine whether McCuller should be declared a vexatious litigator pursuant to the local rules of the Eighth District Court of Appeals. Loc.App.R. 23(A) provides that an original action shall be considered frivolous if it is not reasonably grounded in fact or warranted by existing law. Loc.App.R. 23(B) further provides that a party that habitually, persistently, and without reasonable cause engages in frivolous conduct, may be declared a vexatious litigator subject to filing restrictions. Herein, the issue of a defective bindover was previously found to be without merit though a prior original action. In addition, a review of the docket maintained by the clerk of the Eighth District Court of Appeals demonstrates that McCuller has filed five appeals and nine original actions since 1996, which have taxed the limited resources of this court. Thus, McCuller is warned that the continued filing of appeals and original actions, that

are frivolous, may result in the declaration of him being a vexatious litigator pursuant to Loc.App.R. 23(A).

**{¶20}** Accordingly, we grant the Juvenile Court's motion for summary judgment. Costs to McCuller.   The court directs the clerk of court to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

**{¶21}** Writ denied.

_____
MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY